Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

 Nos. 11-07-00013-CR, 11-07-00014-CR, 11-07-00015-CR,
& 11-07-00016-CR

                                                    __________

 

                                 RUSSELL LEE DENTLER, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                           Jones
County, Texas

 

                                 Trial
Court Cause Nos. 9409, 9411, 9478, & 9479

 



 

                                             M
E M O R A N D U M   O P I N I O N








The
jury convicted Russell Lee Dentler of possession of anhydrous ammonia in a
container not designed and manufactured to hold anhydrous ammonia,[1]
the murder of his six- year-old son, [2] and two
offenses of injury to a child.[3]  The jury
assessed his punishment at confinement for ten years in a state jail facility
for the possession offense and at confinement for forty-three years each for
the murder and two injury-to-a-child offenses.  The trial court ordered the
sentences to run concurrently.  We affirm.

There
is no challenge to the sufficiency of the evidence.  The record reflects that
the trailer house that appellant lived in with his wife, their children
(daughter age seven and son age six), and appellant=s wife=s
eleven-year-old daughter was destroyed by fire in the early morning hours of
March 3, 2004.  Appellant=s
father-in-law, his mother-in-law, and three of his mother-in-law=s grandchildren (ages
eleven, six, and three) were also in the home.  Everyone but appellant=s six-year-old son was able
to get out of the burning home.  The son was later found burned beyond
recognition in his bedroom.  The seven-year-old daughter was severely burned
and suffered critical injuries.

Authorities
noticed  a strong smell of ether, starter fluid, or petroleum around the home. 
An investigation revealed that the fire started on the back left burner of the
stove in the kitchen.  The heating element of the back left burner was missing,
and an aluminum sauce pan had melted down into the burner.  The investigation
also concluded that the fire was accidental and was the result of cooking
methamphetamine.

Aerosol
cans with holes punched in the bottom were recovered in the living room area,
in the kitchen area, in the barrels used to burn trash behind the home, and
outside the home.  Empty blister packs of Sudafed were also recovered.  Lithium
batteries were found throughout the home including in the master bedroom as
well as in the trash barrels.  Many of the batteries had been cut down the
center or Apeeled@ to remove the lithium
strip.  Officers also recovered a propane tank altered with brass fittings that
had turned blue, pliers used to peel batteries, strips of aluminum foil, a list
of names and money amounts, a brass fitting that had turned blue from coming in
contact with anhydrous ammonia, hoses and glass pipes, a homemade HCL
generator, and syringes.  The vast quantity of empty Sudafed blister packs,
batteries, and aerosol cans with holes in the bottom was not consistent with 
the amount typically found in one location for personal use.  The scene and the
items recovered were consistent with the manufacture of methamphetamine.








Appellant,
his wife, his mother-in-law, and his father-in-law all used methamphetamine. 
Appellant and his father-in-law had each cooked methamphetamine.  Before the
fire, appellant was the last person in the home awake.  Even though appellant
had a rule that once the children went to bed they had to stay in their beds,
his wife=s
eleven-year-old daughter had gotten out of bed the night of the fire and had
seen appellant cooking something at the stove while the rest of the family was
asleep.  While the home was burning, his wife=s
daughter saw appellant throwing items into the blaze.

In
a sole issue in each appeal, appellant contends that the trial court erred in
admitting Aextensive
evidence@ in violation
of Tex. R. Evid. 401, 402, 403,
and 404(b).  While appellant does not specify what this extensive evidence is,
it is clear from his brief that he is complaining of evidence concerning debris
and trash found in and around the burned trailer house, evidence of drug
paraphernalia, and anything pertaining to the use or manufacture of illegal
drugs.

Rule
401 defines Arelevant@ evidence while Rule 402
states the general rule that relevant evidence is admissible and irrelevant
evidence is not.  Rule 403 provides that even relevant evidence may be excluded
if Aits probative
value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.@ 
A trial court=s
determination to admit or exclude evidence is reviewed for an abuse of
discretion and will not be disturbed on appeal unless the determination falls
outside of the zone of reasonable disagreement.  Page v. State, 213
S.W.3d 332, 338 (Tex. Crim. App. 2006); Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1991); Freeman v. State, 230 S.W.3d 392,
404-05 (Tex. App.CEastland
2007, pet. ref=d). 
Rule 404(b) excludes the general admission of other wrong acts or crimes Ato prove the character of a
person in order to show action in conformity therewith.@

We
disagree with appellant=s
argument that evidence of items seized at the scene were Acompletely unrelated to the
cause of the fire.@ 
These items seized from the burned home depict the crime scene and support the
conclusion that the fire started as a result of the cooking of methamphetamine
on the stove.  The evidence concerning how to cook methamphetamine was
relevant, and its probative value outweighed any prejudicial effect.  It
explained the significance of the type and quantity of items recovered and
explained the officials=
conclusions concerning the cause of the fire.  The fact that appellant=s wife, his mother-in-law,
and another witness received immunity went to the weight and credibility that
the jury assigned to their testimony.  Tex.
Code Crim. Proc.
Ann. art. 36.13 (Vernon 2007),
art. 38.04 (Vernon 1979).








We
note that appellant made a running objection to much of the testimony and
evidence of  the appearance of the home.  We also note that the trial court
stated on the record during the ten-day trial on guilt/innocence that it had
conducted a balancing test.  Appellant has failed to establish that the trial
court abused its discretion.  The evidence was relevant; its probative value
outweighed any prejudicial effect; and its admission did not violate Rule 404(b). 
The trial court=s
determination was in the zone of reasonableness.  The single issue on appeal in
each case is overruled.

The
judgments of the trial court are affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 31, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]No. 11-07-00013-CR.





[2]No. 11-07-00014-CR.





[3]Nos. 11-07-00015-CR and 11-07-00016-CR.